FRIENDS OF CLARK MOUNTAIN FOUNDATION, INC., ET AL.

V.

BOARD OF SUPERVISORS OF ORANGE COUNTY, ET AL.

Record No. 901107

T. COLEMAN ANDREWS, III, ET AL.

V.

BOARD OF SUPERVISORS OF ORANGE COUNTY, ET AL.

Record No. 901118

June 7, 1991

Present: All the Justices

*V. R. Shackelford, III (Frank A. Thomas, III; Shackelford, Honenberger, Thomas & Willis*, on brief), for appellant. (Record No. 901107)

*David E. Constine, III (Carter Glass, IV; Charles W. Bowman; Mays & Valentine; Higginbotham & Higginbotham*, on brief), for appellee Virginia Turbo Power Systems-II, L.P. (Record No. 901107)

*Atwell W. Somerville (Somerville, Moore, Somerville & Cutright*, on brief), for appellee Board of Supervisors of Orange County. (Record No. 901107)

*C. Ridgeway Schuyler, II*, for appellants. (Record No. 901118)

*David E. Constine, III (Carter Glass, IV; Charles W. Bowman; Mays & Valentine; Higginbotham & Higginbotham*, on brief), for appellee Virginia Turbo Power Systems-II, L.P. (Record No. 901118)

*Atwell W. Somerville (Somerville, Moore, Somerville & Cutright*, on brief), for appellee Board of Supervisors of Orange County. (Record No. 901118)

JUSTICE COMPTON delivered the opinion of the Court.

In this zoning controversy, we consider whether the trial court erred by dismissing a suit against a local governing body upon the ground that necessary parties were not joined within the time fixed by Code § 15.1-493(G). The subsection provides:

"Every action contesting a decision of the local governing body adopting or failing to adopt a proposed zoning ordinance or amendment thereto or granting or failing to grant a special exception shall be filed within thirty days of such decision with the circuit court having jurisdiction of the land affected by the decision. However, nothing in this subsection shall be construed to create any new right to contest the action of a local governing body."

In November 1989, appellee Board of Supervisors of Orange County granted an application for the rezoning of a 25-acre tract of land from agricultural to industrial use, and granted a special use permit. The applicants were George D. Carter and Nancy C. Carter, who are owners of the tract, and appellee Virginia Turbo Power Systems-II, L.P., holder of an option to acquire the tract. Turbo Power plans to build and operate a cogeneration power facility on the property.

In December 1989, within 30 days of the Board's decision, appellants Friends of Clark Mountain Foundation, Inc., and T. Coleman Andrews, III, and others (collectively, the plaintiffs), owners of realty in the vicinity of the tract in question, filed a petition for declaratory judgment in equity naming the Board as the sole defendant. Assigning numerous grounds, the plaintiffs sought a declaration that the Board's action in rezoning the tract and in issuing the special use permit was null and void because it was unreasonable, arbitrary, and capricious.

In January 1990, the trial court granted Turbo Power's request to intervene and it, as well as the Board, filed pleas in bar and motions to dismiss. In the pleas and motions, the Board and Turbo Power took the position that the Carters and Turbo Power were

necessary parties to the suit and, because the suit was not instituted against them within the statutory 30-day period, the suit was time-barred.

Following argument of the requests to dismiss, the trial court ruled in an April 1990 letter opinion that the Carters and Turbo Power "are clearly necessary parties." The court noted: "The action taken in this case was rezoning of private property, at the request of the landowners and the option holder, and granting of a special use permit sought by the option holder to develop the property." Under those circumstances, the court reasoned, "a challenge to a rezoning granted at the request of the owner of the land rezoned necessarily involves the interests of those who sought—and obtained—the rezoning as well as the governing body of the political subdivision granting the rezoning." The court concluded "that since the necessary parties were not joined within the thirty-day period and their absence is jurisdictional, the suit must be dismissed."

We awarded two groups of the plaintiffs separate appeals from the May 1990 final decree dismissing the suit and consolidated the appeals.

The two main questions on appeal are: (1) In a suit challenging both the rezoning of a specific tract of land and the issuance of a special use permit with respect to the tract, are the applicants for the rezoning and the permit, including the owners of the tract, necessary parties to the suit? (2) If the applicants are necessary parties, and were not made parties within the 30-day period set forth in Code § 15.1-493(G), must the suit be dismissed as untimely?

For purposes of this appeal, we will assume, but not decide, that the applicants for the rezoning action in this case are necessary parties to the litigation. Thus, we address only the second question.

Decision of the second issue necessarily requires us to determine the nature of the 30-day time period provided in § 15.1-493(G). Implicit in the trial court's decision is the ruling that the 30-day period is a statute of limitations, jurisdictional in effect.

"Special" statutes of limitation have jurisdictional effect. They are included in statutes creating a new right and become elements of that right, limiting its availability; compliance with such a statute is a condition precedent to prosecution of a claim. *Commonwealth v. Owens-Corning Fiberglas Corp.*, 238 Va. 595,

598-99, 385 S.E.2d 865, 867 (1989); *Harper* v. *City of Richmond*, 220 Va. 727, 738, 261 S.E.2d 560, 567 (1980). Another type of statute of limitations is a "statute of repose." This involves a legislatively mandated limitation which reflects a policy determination that a point in time arrives beyond which a potential defendant should be immune from liability for past conduct. *School Bd. of the City of Norfolk* v. *United States Gypsum Co.*, 234 Va. 32, 37, 360 S.E.2d 325, 327-28 (1987). Of course, there is a third type of limitation, the so-called "pure" or procedural statute of limitations, which serves only to place a time limit upon assertion of a remedy and furnishes an affirmative defense that may be waived. *Owens-Corning*, 238 Va. at 598, 385 S.E.2d at 867.

In our opinion, the § 15.1-493(G) 30-day period is none of the above. We are drawn to this conclusion by the precedent of *Board of Supervisors of Fairfax County* v. *Board of Zoning Appeals*, 225 Va. 235, 302 S.E.2d 19 (1983).

In that case, the issue was whether the successful applicant before a board of zoning appeals (BZA) must be made a party to the certiorari proceeding set forth in Code § 15.1-497 within the 30-day period prescribed by the Code section. ("Any person . . . aggrieved by any decision of the board of zoning appeals . . . may present to the circuit court . . . a petition specifying the grounds on which aggrieved within thirty days after the filing of the decision in the office of the board.")

Contesting the BZA's decision relating to a use permit, the county governing body filed in the trial court a petition for certiorari, naming the BZA as the only defendant. The trial court ruled that the applicant was an indispensable party to the proceeding and, because he had not been joined as a party within the 30-day period, the action should be dismissed.

On appeal, the BZA, contending the trial court correctly held that the certiorari action was barred, argued that § 15.1-497 "both confers a right and provides the time within which the right may be exercised; hence, the thirty-day period prescribed by the statute is a limitation upon the right as well as the remedy, and the circuit court is without jurisdiction if the limitation is not met." *Id.* at 238, 302 S.E.2d at 20. The BZA argued that because the proceeding was not commenced against the applicant until well after the 30-day period had expired, and because he was an indispensable party, the proceeding was barred.

█ We held that the "proceeding in question is purely statutory in nature" and that "we must determine what the provisions of Code § 15.1-497 mandate for the proper institution of a proceeding thereunder." *Id.* We pointed out that the section "unambiguously requires only that an aggrieved person file a petition for certiorari within the prescribed thirty-day period and that the petition specify the grounds upon which the petitioner is aggrieved." *Id.*, 302 S.E.2d at 20-21. We said: "No party other than the aggrieved person and the board of zoning appeals is mentioned in connection with the petition, and no action other than the filing of a proper petition within the prescribed period is declared necessary to complete the institution of the proceeding." *Id.*, 302 S.E.2d at 21.

Thus, we concluded that until return on the writ of certiorari is made by the BZA, "the only necessary parties to a proceeding under Code § 15.1-497 are the aggrieved person and the board." *Id.* We noted, however, that after the return is made, "and the absence of a necessary party is noted of record," the trial court should not proceed with the review contemplated by the statute until such party has intervened or been brought into the proceeding. *Id.* at 239, 302 S.E.2d at 21.

█ Similarly, the present proceeding is purely statutory in nature. Section 15.1-493(G) unambiguously requires only that every action contesting a zoning decision of a local governing body "be filed within thirty days of such decision with the circuit court having jurisdiction of the land affected by the decision." No party other than the local governing body is mentioned in connection with the contest, and no action other than the filing of an "action" within the prescribed period is declared necessary to complete the institution of the proceeding.

█ Considering these plain and simple statutory directives, we believe it is clear that, when the action contesting the governing body's decision is filed, the only required parties to a proceeding under Code § 15.1-493(G) are the contestant and the local governing body. After the contesting action has been instituted and is pending, however, and the absence of a necessary party is noted of record, the trial court should not adjudicate the controversy until that party has intervened or has been brought into the proceeding.

Indeed, this is the only practical and sensible interpretation of the statute. It assures that prompt action is taken to attack legislative action affecting land use. But it also provides a fair and

orderly procedure for collecting all necessary parties before the controversy is adjudicated, without prejudicing the contestant who may have failed to identify within 30 days of the governing body's decision every necessary party who should be joined.

■ The Board and Turbo Power argue, and the trial court agreed, that *Fairfax County* is not controlling because the certiorari statute considered there is distinguishable from the statute in the present case. But, the distinction is without any material difference. Under the certiorari statute, once the record of the BZA is lodged in the circuit court in response to the writ of certiorari, the court is empowered to "reverse or affirm, wholly or partly, or may modify the decision brought up for review." Code § 15.1-497. In other words, the validity of the zoning decision by a BZA may be adjudicated under the proceeding contemplated by § 15.1-497. Likewise, when a zoning decision is made by the local governing body, the validity of that decision may be adjudicated by the proceeding contemplated by Code § 15.1-493(G). Actually, it would be inconsistent to interpret the two statutory proceedings differently.

Finally, the Board and Turbo Power argue, and the trial court agreed, that this case is controlled by our decision in *Mendenhall v. Cooper*, 239 Va. 71, 387 S.E.2d 468 (1990). There, in a suit to enforce a mechanic's lien, we held that the trial court erroneously overruled a plea of the statute of limitations filed by necessary parties, when such parties had not been joined as defendants to the bill to enforce within the period mandated by Code § 43-17. The statute provides: "No suit to enforce [a mechanic's lien] shall be brought after six months from the time when the memorandum of lien was recorded." We said that the failure to name a necessary party, as distinguished from a proper party, within the six-month statute of limitations, requires dismissal of the entire action. *Id.* at 74-75, 387 S.E.2d at 470.

■ *Mendenhall* is not controlling here. The time period in § 43-17 is an express statute of limitations. *See Neff* v. *Garrard*, 216 Va. 496, 497, 219 S.E.2d 878, 879 (1975). As we have said, the § 15.1-493(G) time period is not a statute of limitations. The bar of *Mendenhall* simply does not exist in this case.

Accordingly, we hold that the trial court erred in dismissing the suit. We will reverse the decree appealed from, reinstate the plain-

tiffs' petition, and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*