## CIRCUIT COURT OF FAIRFAX COUNTY

Zane S. Mason

    v.

Board of Zoning Appeals
of Fairfax County

Case No. (Chancery) 120653

Louise Mason

    v.

Board of Zoning Appeals
of Fairfax County

Case No. (Chancery) 120654

October 2, 1991

By JUDGE THOMAS S. KENNY

    This matter came before the Court on Defendant's Motion to Dismiss the Petitions for Writ of Certiorari. Defendant's motion is granted for the reasons stated below.

    The Plaintiffs, owners of a parcel of land located on Braddock Road in the Springfield District of Fairfax County, applied to the County of Fairfax to have a "Family Split" done in accordance with Virginia Code Sections 15.1-466(A)(k), (k1) (Supp. 1990). Their application was disapproved on September 1, 1990, by the Director of the Department of Environmental Management (DEM). On September 27, 1990, the Plaintiffs appealed the DEM's decision to the Board of Zoning Appeals ("BZA"), stating that the appeal

violated their rights under § 15.1-466(K)(K.1) (sic). Thereafter, the BZA sent a letter to the Plaintiffs, which gave explicit instructions to the Plaintiffs on how to perfect their appeal.

It was error for the appeal to be filed with the BZA. Although zoning ordinances remain applicable to family gift lots, *Crestar Bank v. Martin*, 282 Va. 232, 236 (1989), the Plaintiffs originally petitioned under the *subdivision* ordinance. The authority of the Board of Supervisors to adopt subdivision ordinances is found in Title 15.1, Chapter 11, Article 7 ("Land Subdivision and Development") of the Code of Virginia, and the Fairfax County Subdivision Ordinance (Chapter 101 of the County Code) has been adopted pursuant thereto. Section 15.1-475 provides, in pertinent part, that:

> If a local commission or other agent disapproves a plat and the subdivider contends that such disapproval was not properly based on the ordinance applicable thereto, or was arbitrary and capricious, he may appeal to the circuit court having jurisdiction of such land and the court shall hear and determine the case as soon as may be, provided that his appeal is filed with the circuit court within sixty days of the written disapproval by such local commission or other agent.

Va. Code § 15.1-475 (Supp. 1990). Thus, the BZA has no jurisdiction to hear and decide appeals relating to subdivision applications. The Plaintiffs should have appealed to the Circuit Court in conformance with the statute.

The Supreme Court has recently revisited the issue of whether a time limit for filing an appeal from this kind of administrative action is a "statute of limitations" in the technical sense. In *Friends of Clark Mountain v. Board of Supervisors*, 242 Va. 16 (1991), the Court held that a thirty-day limit on filing a challenge to a zoning decision meant only that the action must be filed against the local governing body (the only party mentioned in the statute under consideration) within the thirty-day period, and that additional necessary parties could be added by the trial court after the thirty-day period had expired.

*Clark Mountain* provides a useful rule in an appropriate case, but I do not believe this is such a case. Here, *no* action was filed within sixty days of DEM's decision; although an action was filed within sixty days of BZA's decision, BZA had no jurisdiction over the matter, and its proceedings were therefore wholly void. Void proceedings do not toll a regular statute of limitations; *Dorr v. Rohr*, 82 Va. 359, 365 (1886); I see no reason why they should toll the statutory period set out in § 15.1-475. The period for plaintiffs to act has expired.

Nor can the plaintiffs claim that BZA is estopped from claiming the benefit of the limitation period. This case does not meet the general requirements of an estoppel situation. *See American Mutual Liab. Ins. Co. v. Hamilton*, 145 Va. 391 (1926).

In conclusion, because the Plaintiffs improperly pursued their appeal with the BZA, the statute of limitations was not tolled, and the sixty days has run for an appeal to the circuit court.