## CIRCUIT COURT OF THE CITY OF RICHMOND

Titmus Optical, Inc.

v.

William T. Curd, Jr., Contractor, Inc.,
and ReUse Technology, Inc.

Case No. LE-2744-1

BY JUDGE MELVIN R. HUGHES, JR.

February 22, 1999

In this case Titmus Optical, Inc. (Titmus) has brought a Motion For Judgment against William T. Curd, Jr., Contractor, Inc., (Curd), and ReUse Technology, Inc. (ReUse).

ReUse has filed a Demurrer stating that, since it is not in privity with Titmus, claims against it of negligence, breach of express warranty, breach of implied warranty, and breach of implied warranty of fitness for a particular purpose are defective as barred by the economic loss rule. ReUse also asserts that Titmus's fraud claim is legally insufficient.

For purposes of the Demurrer, the court will consider the facts alleged in Titmus' Motion for Judgment as true. The question is whether the facts alleged constitute causes of action which, if proved, will entitle Titmus to a recovery. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 242 Va. 22 (1993).

Titmus is a manufacturer of eyewear frames and vision screening equipment. It entered into a contract with Curd, a general contractor, for the construction of a new office and manufacturing facility. Curd purchased coal ash structural fill from ReUse which was used in the work, specifically in the building pad upon which the facility was constructed. After completion, the building, walls, floors, and finishes have been damaged due to continued and uncontrolled expansion of coal ash fill in the building pad. Titmus claims the fill was not suitable for construction and is defective.

ReUse relies principally on the seminal case on economic loss in Virginia, *Sensenbrenner v. Rust, Orling and Neale, Architects, Inc.*, 236 Va. 419 (1988). Succinctly put, the rule is that economic losses are not recoverable in tort upon a theory of negligence absent personal injury or property damage. As ReUse and Titmus were not in privity, the question becomes can the damages Titmus claims be characterized as "economic losses."

In *Sensenbrenner* the court described in detail the differences between tort and contract remedies:

> Many courts have been confronted with the problem of determining when a claim for damages crosses the line dividing purely economic losses from injuries to persons or property. Most jurisdictions equate economic losses, for which no action in tort will lie, with disappointed economic expectations. This is clearly the prevailing rule where damage is claimed because goods purchased fail to meet some standard of quality.

*Id.* at 423 (citations omitted). The court further explained:

> The controlling policy consideration underlying tort law is the safety of persons and property — the protection of persons and property from losses resulting from injury. The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for. If that distinction is kept in mind, the damages claimed in a particular case may more readily be classified between claims for injuries to persons as property on one hand and economic losses on the other.

*Id.* at p. 425.

In *Sensenbrenner*, the plaintiffs contracted with a general contractor to construct a new home which included an enclosed swimming pool. The contractor engaged an architect to design the home, including the pool and its enclosure. After completion, the pool, which was built on fill, settled and caused pipes to break, soil around the pool to erode, and part of the foundation of the home to crack. The plaintiffs brought the case in federal court which certified questions of Virginia law to the Supreme Court of Virginia. The court, relying on *Blake Const. Co. v. Alley*, 233 Va. 31 (1987), held that, despite plaintiffs' claims of damage to property, i.e. cost of repair of the pool and home, claims against the architect, a party not in privity, could not be

recovered. Despite the plaintiffs' allegations of property damages, the court ruled all that was claimed was economic loss:

> The plaintiffs here allege nothing more than disappointed economic expectations. They contracted with a builder for the purchase of a package. The package included land, design services, and construction of a dwelling. The package also included a foundation for the dwelling, a pool, and a pool enclosure. The package is alleged to have been defective — one or more of its component parts was sufficiently substandard as to cause damage to other parts. The effect of the failure of the substandard parts to meet the bargained-for level of quality was to cause a diminution in the value of the whole, measured by the cost of repair. This is a purely economic loss, for which the law of contracts provides the sole remedy.
>
> Recovery in tort is available only when there is a breach of a duty "to take care for the *safety* of the person or property of another." *Blake*, 233 Va. at 34, 353 S.E.2d at 726 (citations omitted).

*Sensenbrenner*, at p. 425. Here, ReUse contends that Titmus' allegations of (1) damage to property, (2) "substantial threat to the safety and well-being of persons and other property," and (3) "substantial threat of further injury to Titmus' property and injury to persons," are no more than bald assertions to get around *Sensenbrenner*. ReUse also contends that, just as in *Sensenbrenner*, Titmus contracted with the builder for a package.

Citing familiar principles of the sufficiency of pleadings upon demurrer, Titmus contends that these very allegations present a case which fall into recognized exceptions to the privity requirement of the economic loss rule. In addition the motion for judgment alleges that the materials sold are "goods" within the meaning of the Uniform Commercial Code and thus its claims are valid as a sale of goods rather than services.

The court agrees with ReUse. While it is clear that there is a distinction between cases claiming only economic losses and those claiming damage to other property or safety to persons, the command is to scrutinize every claim to determine their true nature and substance. Here, the threat to injury, person, and other property though alleged is unspecified. Despite the characterization that the safety of persons and other property stand to be injured the nature of the claim and the factual context that gave rise to them should be alleged.

Here, as in *Sensenbrenner*, we have an owner contracting with a general contractor which in turn contracts with a subcontractor with whom the owner has no privity. The work is for the construction of a building with the use of fill. Later the fill is said to be ineffective, resulting in a number of physical damage items. The "package" analysis found in *Sensenbrenner* is a ready fit to the case at bar. To say that other property is or may be harmed or that a threat of personal injury exists without any specification cannot serve to obviate the rule and thus bring Titmus' claim within the exception. For this deficiency in pleading the court will sustain the demurrer and allow Titmus to plead over.

Next, the fraud claim. The court agrees with ReUse. To mount a case for fraud, it is well known that a plaintiff must allege facts with particularity. Here, Titmus has stated in a conclusionary way that ReUse misrepresented that the fill was tested and well suited for use in construction. Titmus should state the time, circumstances, and persons to whom such representations were made. *Mortarino v. Consultant Engineering Services, Inc.*, 251 Va. 289 (1996). For these reasons, the Demurrer as to the fraud count is also sustained.

For the foregoing reasons, ReUse's demurrer to the counts of the Motion for Judgment that embody the warranty and negligence claims are sustained under the economic loss rule. Also, for the reasons given the demurrer to the fraud count is also sustained.

Titmus has leave to amend within fifteen days of entry of the order and ReUse may respond within ten days of receipt of an amended pleading.

## June 8, 1999

Following the court's ruling of February 22, 1999, sustaining defendant ReUse's demurrer, plaintiff was given leave to file an Amended Motion For Judgment, which it has done. ReUse has filed a demurrer to this pleading which was heard and argued recently.

When I read plaintiff's Brief in Opposition to Demurrer to Amended Motion for Judgment, I did not have the file and it was not available until after the hearing. As plaintiff points out, in the February ruling, the court spoke of co-defendant Curd as a general contractor and the case being a "ready fit" to the facts and circumstances of *Sensenbrenner v. Rust, Orling and Neale, Architects, Inc.*, 236 Va. 419 (1988). Perhaps, the court got this impression from paragraph 4 of the Motion for Judgment. On re-reading that paragraph and reading paragraphs 6, 7, and 8 of the Amended Motion for Judgment and considering the argument, it is clear that Curd is not alleged to be a general contractor but one subcontractor which in turn engaged ReUse.

For now, on the pleadings, the *Sensenbrenner* package analysis is not implicated when on reexamination of the case the following is considered:

> The plaintiffs here allege nothing more than disappointed economic expectations. They contracted with a builder for the purchase of a package. The package included land, design services, and construction of a dwelling. The package also included a foundation for the dwelling, a pool and a pool enclosure. The package is alleged to have been defective — one or more of its components parts was sufficiently substandard as to cause damage to other parts. The effect of the failure of the substandard parts to meet the bargained-for level of quality was to cause a diminution in the value of the whole, measured by the cost of repair. This is a purely economic loss, for which the law of contracts provides the sole remedy.

*Id.* at p. 425.

I agree with Titmus; the Amended Motion for Judgment specifically alleges injury to other property and persons and thereby states claims against ReUse under the exception noted in *Sensenbrenner*. For now, plaintiff has stated a claim or claims to survive Demurrer. See *Lentz v. Morris*, 236 Va. 78, 80 (1988). Whether, as Mr. Williams argued, despite being a particular contract, the Curd-ReUse contract was so integral and interrelated to the whole so as to make the *Sensenbrenner* ruling applicable notwithstanding, is a matter to be left for later proceedings.

The Demurrer is therefore overruled.