Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons and
Agee, JJ., and Russell, S.J.

BRADDOCK, L.C.                              OPINION BY
                                  SENIOR JUSTICE CHARLES S. RUSSELL
v.  Record No. 032105                   September 17, 2004

BOARD OF SUPERVISORS OF LOUDOUN COUNTY, et al.

            FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                     Thomas D. Horne, Judge

     The dispositive question in this appeal is whether the

complainant in a suit attacking a rezoning decision had

standing to bring the suit.

                     FACTS AND PROCEEDINGS

     Braddock, L.C. (Braddock), in early 2000, entered into

contracts to purchase two tracts of land in Loudoun County:

23.01 acres owned by Joseph O. Hutchison, Jr. (the Hutchison

parcel) and 20.49 acres owned by Anthony L. Scogno (the Scogno

parcel).  Braddock's purpose was to develop both parcels as a

43.5 acre residential subdivision to be developed in a "single

phase."

     On October 24, 2000, Braddock filed an application with

the Board of Supervisors of Loudoun County (the Board) for a

rezoning of both parcels from "A-3" to "R-4 Cluster."  While

the application was pending, the Board revised its

comprehensive plan.  Pursuant to recommendations by the

Board's staff, Braddock filed a revised application on March

29, 2002, seeking a rezoning of both parcels to "PD-H3" to

permit development of a "Countryside Village" containing 43.5 acres. On July 15, 2002, the Board denied Braddock's application for rezoning.

On August 14, 2002, Braddock, as sole complainant, filed in the trial court a bill of complaint for injunction and declaratory relief against the Board and the County of Loudoun, challenging the Board's denial of the application.

On March 19, 2002, Braddock had assigned its contractual right to purchase the Scogno parcel to another corporation, Braddock II, L.C. (Braddock II). On August 30, 2002, Braddock took title to the Hutchison parcel and on the same day conveyed that parcel to another corporation, Two Greens/Braddock LLC (Two Greens). Thus, Braddock was the contract purchaser of both parcels when the original application for rezoning was filed, but had no interest in the Scogno parcel when filing its revised application or when filing the suit. Braddock remained the contract purchaser of the Hutchinson parcel on the date suit was filed, but conveyed that interest away sixteen days later, before the trial court had made any rulings.

The Board filed a plea in bar raising the issue of Braddock's lack of standing to maintain the suit. On May 2, 2003, Braddock moved the court for leave to add Scogno, Braddock II and Two Greens as "necessary parties-complainant,"

pointing out that Scogno and Two Greens were the "current record owners of the property at issue in this litigation" and that Braddock II was the "contract purchaser of the Scogno Parcel." The court sustained the Board's plea in bar, denied Braddock's motion to add necessary parties and entered a final order dismissing the suit. We awarded Braddock an appeal.

ANALYSIS

Scogno, Braddock II, and Two Greens were clearly the only parties having any interests in the subject matter of the suit when the motion was made to add them. Code § 15.2-2285(F), however, provides that actions challenging zoning decisions by local governing bodies "shall be filed within thirty days of the decision." Because Braddock's motion to add "necessary parties" was made over eight months after the Board's zoning decision, the introduction of those new parties into the suit would be unavailing if Braddock had no standing initially to bring the suit. Chesapeake House on the Bay, Inc. v. Virginia National Bank, 231 Va. 440, 442, 344 S.E.2d 913, 915 (1986). The cause would have been time-barred before being initiated by any party having standing to do so. Our inquiry must therefore focus on Braddock's status on August 14, 2002, the date this suit was filed.

Braddock argues on appeal that it was, as contract purchaser of both parcels, authorized by Code § 15.2-

3

2286(A)(7) and by § 6-1202 of the Loudoun County 1993 Revised Zoning Ordinance, as amended, to apply to the Board for a rezoning. Braddock then cites Friends of Clark Mtn. v. Board of Supervisors, 242 Va. 16, 19, 406 S.E.2d 19, 21 (1991) where we said: "For purposes of this appeal, we will assume, but not decide, that the applicants for the rezoning action in this case are necessary parties to the litigation."

Friends of Clark Mtn., however, involved a procedural posture that was the reverse of that now before us. There, the record owners of property applied for and were granted a rezoning. Neighbors filed suit against the local governing body, within thirty days of its decision, without joining the owners or the contract purchaser of the land. 242 Va. at 18-19, 406 S.E.2d at 20. Assuming, without deciding, that the owners and contract purchaser were necessary parties, we held that Code § 15.1-493(G), the predecessor of present Code § 15.2-2285(F), required only that suit be brought within 30 days by an "aggrieved person." Id. at 20-21, 406 S.E.2d at 22 (quoting Board of Supervisors of Fairfax County v. Board of Zoning Appeals, 225 Va. 235, 238, 302 S.E.2d 19, 21 (1983)). If the suit was thus timely filed, necessary parties could be added after the 30-day period had expired, although the trial court should not adjudicate the controversy until all necessary parties were before the court. Friends of Clark

4

Mtn., 242 Va. at 21, 406 S.E.2d at 21-22.  The question whether the neighbors who brought suit in Friends of Clark Mtn. were in fact "aggrieved persons" was not disputed in that case and we were not called upon to decide it.[1]  Braddock's status, therefore, presents a question of first impression in Virginia.[2]

Braddock contends that it was "aggrieved" by the Board's denial of its rezoning application of, at least, the Hutchison parcel, that it filed suit within the statutory period, and that, under the rule of *Friends of Clark Mtn.*, the court erred in denying its motion to add the parties necessary to an adjudication of the case.

---

[1] Neighbors who own property or reside adjacent to rezoned land ordinarily have interests sufficiently affected to confer upon them standing to challenge the approval of the rezoning in court, see, e.g., Riverview Farm Assocs. v. Board of Supervisors, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000), although the extent to which they are "aggrieved" may present an issue of fact.  There is no authority in Virginia, however, for a neighbor to challenge a denial of the rezoning of adjacent property, because this would put the neighbor in the position of advocating the rezoning of another party's land.

[2] Braddock cites cases from sister states in which parties having only a partial interest in property were held to have standing to challenge a denial of rezoning in court, but most are inapposite because they involved owners of partial interests in the entire property subject to the rezoning, rather than an interest in only a part of the property.  See, e.g., Town of Stevenson v. Selby, 839 So.2d 647, 648 (Ala. Civ. App. 2002) (owner of one-half undivided interest); Hayden v. Zoning Bd. of Appeals of Plainville, 214 A.2d 837, 838 (Conn. C.P. 1965) (co-tenant of entire property).

Braddock's contention, if adopted, would lead to the anomalous result that the relief Braddock sought would encompass property it did not own, thereby profoundly affecting the interests of a neighboring landowner who might be opposed to Braddock's proposed rezoning. Having divested itself of any interest in the Scogno parcel before filing suit, Braddock had no right to file suit on behalf of its new owner, to force its new owner into litigation, or to embrace the new owner's property within Braddock's proposed development.

Braddock urges us to disregard this problem by characterizing itself as the "agent" of the true parties at interest. Although it is undisputed that Braddock, as contract purchaser of both parcels, had authority by both statute and local ordinance to apply for and pursue a rezoning before the Board, that authority did not extend to filing suit on behalf of the new owners. An agent may not sue in his principal's behalf without express authority from the principal, Fishburne v. Engledove, 91 Va. 548, 560-61, 22 S.E. 354, 356 (1895), or unless authorized by statute to do so. W.S. Carnes, Inc. v. Chesterfield County, 252 Va. 377, 383, 478 S.E.2d 295, 300 (1996). Because the record before us shows no such grant of authority, Braddock was not authorized to file suit on behalf of Two Greens, the owner of the

6

Hutchison parcel, even though Braddock remained its contract purchaser on the date suit was filed.[3]  As to the Scogno parcel, Braddock had divested itself of any interest before filing suit and had no agency relationship with its new owner, Braddock II.

We discussed the question of standing in Harbor Cruises, Inc. v. State Corporation Commission, 219 Va. 675, 676, 250 S.E.2d 347, 348 (1979) where we said that a party, to have standing, must "show that he has been aggrieved by the judgment or decree appealed from," that "he does not have standing to assert purely abstract questions" and that he "has standing only to seek the correction of errors injuriously affecting him." (Emphasis added).  Here, Braddock was not injuriously affected by the Board's refusal to rezone the Scogno parcel and had no standing to litigate that issue.  For the reasons given above, neither Braddock's interest in the Hutchison parcel nor its agency relationship with the true owners conferred such standing upon it.

> Virginia procedure does not generally allow one person to
> sue for another. . . . Owing to the long-standing

---

[3] Cf. Henrico County v. F.& W., Inc., 222 Va. 218, 223-24, 278 S.E.2d 859, 862 (1981), where we held that an optionee had standing to bring a declaratory judgment suit attacking a downzoning of the property subject to the option.  The optionee had a contract right to purchase the entire tract involved in the suit.  In contrast to the present case, there was no risk that the rights of other landowners would be affected by the litigation.

Virginia doctrine that suits brought without proper standing are "nullities," the risks of improvident captioning and pleading of representative claims are immense.  Among other risks, such actions may be deemed insufficient to stop the running of the statute of limitations.

Kent Sinclair & Leigh B. Middleditch, Jr., Virginia Civil Procedure § 5.1, at 322 (4th ed. 2003).

CONCLUSION

In contrast to Friends of Clark Mtn., where suit was filed by neighbors having undisputed standing, the present case was brought by a party lacking standing.  The suit was therefore a "nullity" that could not be resurrected by the addition of parties after expiration of the 30-day statutory limitation period set by Code § 15.2-2285(F).  Because the trial court correctly so ruled, we will affirm the final decree.

Affirmed.

JUSTICE KINSER, with whom JUSTICE AGEE joins, concurring.

I agree with the majority opinion but write separately to explain why I conclude that Braddock, L.C. (Braddock) did not have standing to challenge the denial of its rezoning application by the Board of Supervisors of Loudoun County (the Board).

Braddock's rezoning application pertained to two tracts of real estate: the property referred to as "the Hutchison

8

parcel," and the property referred to as "the Scogno parcel." Those two parcels were to be developed as a single project in "a single phase." When Braddock filed its bill of complaint for injunctive and declaratory relief challenging the denial of its rezoning application, it no longer had any interest in the Scogno parcel. However, Braddock remained the contract purchaser of the Hutchison parcel and therefore would have had standing to challenge the Board's decision regarding that parcel if the rezoning application had applied only to the Hutchison property. See Henrico County v. Fralin & Waldron, Inc., 222 Va. 218, 224, 278 S.E.2d 859, 862 (1981) (holding that an entity with a contractual right to purchase real estate had standing to file a declaratory judgment proceeding to attack a rezoning of the property subject to the contract). Since the rezoning application encompassed both parcels, Braddock did not have the requisite interest in the entire property necessary to give it standing to challenge the Board's denial of the rezoning application. See Virginia Beach Beautification Comm'n v. Board of Zoning Appeals, 231 Va. 415, 419-20, 344 S.E.2d 899, 902-03 (1986).

For that reason, I respectfully concur and conclude that the circuit court correctly held that Braddock "lack[ed] standing to challenge the denial of the rezoning application

9

for the subject property as [it was] not the contract

purchaser for the entire subject property."