Present:   All the Justices

ANGELA DENISE ARRINGTON, ADMINISTRATOR, ETC.

OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.
June 9, 1995

v.   Record No. 941247

PEOPLES SECURITY LIFE INSURANCE COMPANY

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Melvin R. Hughes, Jr., Judge


The sole issue in this appeal is whether the trial court erred in sustaining pleas of the statute of limitations.

In two actions filed on February 15, 1994, Angela Denise Arrington (Angela), administrator of the Estate of Charles E. Arrington, deceased (Charles), sued Peoples Security Life Insurance Company (Peoples Security), alleging breach of contract and seeking recovery of the proceeds under two insurance policies issued on Charles' life.  Peoples Security filed pleas of the statute of limitations, and, after conducting an evidentiary hearing, the trial court sustained the pleas and entered judgments in favor of Peoples Security.  Angela appeals.

The facts relating to the pleas are undisputed.  On March 13, 1988, Charles was shot and stabbed to death.  At the time of his death, he was insured by a policy of life insurance in the amount of $50,000 (Policy No. U00095393) and by another policy in the amount of $25,000 (Policy No. 0302649180).  Both polices had been issued by Peoples Security.  The named beneficiary under both policies was Delores R. Arrington (Delores), Charles' wife.  Each policy provided that payment of the policy proceeds to the named beneficiary would be made upon Peoples Security's receipt

of proof of the insured's death.

On March 21, 1988, Delores completed a "Claimant's Statement For Death Claims" and forwarded it and a copy of Charles' death certificate to Peoples Security. By letter dated March 30, 1988, Peoples Security wrote to Delores and acknowledged that it had received the claims. However, Peoples Security subsequently refused to pay the insurance proceeds to Delores because she was a suspect in Charles' murder.

On December 28, 1989, Delores filed an action in the Circuit Court of the City of Richmond to recover the proceeds under the $50,000 policy, and, on November 1, 1990, she filed another action in said circuit court to recover the proceeds under the $25,000 policy. Delores was awarded a judgment in the amount of $50,000 in the first action; however, we reversed that judgment and remanded the case for further proceedings. Peoples Security Life Ins. v. Arrington, 243 Va. 89, 412 S.E.2d 705 (1992).[1] Thereafter, Delores requested and, by orders entered February 4, 1992, was granted a nonsuit in each action.

On November 19, 1993, Angela qualified as administrator d.b.n. of Charles' estate.[2] By letter dated January 12, 1994,

_____

[1] In that action, the trial court had ruled that Delores was not precluded from recovering the insurance proceeds because she was not covered by the definition of "slayer" contained in Code § 55-401(1). In reversing the judgment, we ruled that Code § 55-401(1) did not preclude Peoples Security from attempting to prove that Delores "procured, participated in or otherwise directed" Charles' death, in violation of the common law. Arrington, 243 Va. at 92, 412 S.E.2d at 707.

[2] The record shows that Delores previously had qualified as

Angela demanded that the insurance proceeds be paid to the estate.  Peoples Security refused payment, and Angela filed the present actions.

In sustaining the pleas of the statute of limitations, the trial court adopted Peoples Security's contention and ruled that the limitation period was five years from the time the causes of action accrued, Code § 8.01-246(2), that the causes of action for breach of contract accrued on the date of the breach, and that the accrual date was March 13, 1988, the date of Charles' death. At trial, Angela agreed that the applicable limitation period was five years and that the causes of action accrued when the breach of contract occurred.  Angela, however, did not agree that the causes of action accrued on the date of Charles' death.  She advanced several arguments below, as she does on appeal, regarding when the causes of action accrued.

Angela contends that, with respect to Charles' estate, the contract was not breached until Peoples Security refused the estate's demand for payment, made by the estate's letter dated January 12, 1994.  Alternatively, Angela contends that it was not reasonable for the estate to demand payment until "it became clear that there was no other beneficiary under the policy, i.e., on March 13, 1993, after Peoples Security had refused payment to Delores . . . and the statute of limitations precluded her from

(..continued)
administrator of Charles' estate.  However, she resigned as administrator, and Angela succeeded to the office.

- 3 -

pursuing her claim any further."  In other words, according to Angela, the statute of limitations did not begin to run against the estate until the limitation period had expired as to Delores.  Finally, Angela contends that the statute of limitations was tolled from the time of the entry of the trial court's judgment in favor of Delores until this Court's reversal of that judgment, a period of 14 months.[3]

Statutes of limitations are strictly enforced and exceptions thereto are narrowly construed.  Consequently, a statute should be applied unless the General Assembly clearly creates an exception, and any doubt must be resolved in favor of the enforcement of the statute.  Westminster Investing Corp. v. Lamps Unlimited, 237 Va. 543, 547, 379 S.E.2d 316, 318 (1989); Burns v. Stafford County, 227 Va. 354, 359, 315 S.E.2d 856, 859 (1984).

Code § 8.01-246(2) provides that an action for breach of a written contract must be filed within five years after the cause of action accrues.  Code § 8.01-230 provides that a cause of action for breach of contract accrues and the limitation period commences to run from the date of the alleged breach.  With respect to life insurance policies, we have said that, when a policy requires a demand for payment and proof of death, the statute of limitations begins to run on the date of the demand

_____

[3]In oral argument before this Court, Angela contended that Peoples Security never has refused to make payment, and, therefore, the statute of limitations has not begun to run.  This argument was not advanced at trial.  Consequently, we will not consider it on appeal.  Rule 5:25.

and proof.  <u>Page</u> v. <u>Shenandoah Life Ins. Co.</u>, 185 Va. 919, 925–27, 40 S.E.2d 922, 925–26 (1947).

Applying the foregoing principles of law to the present case, we must reject Angela's contentions.  We do not agree that the causes of action accrued at one time for Delores and at a different time for the estate; nor do we agree that the running of the statute may be tolled, or an exception applied, in the absence of a clear statutory enactment to such effect.

In the present case, the life insurance policies provide when a cause of action accrues.  The express language of the policies requires Peoples Security to pay the proceeds when Peoples Security "receive[s] proof of [the] Insured's death."  The record establishes that Peoples Security acknowledged, in its letter to Delores dated March 30, 1988, that it had received proof of Charles' death.  Therefore, at that time, at the very latest, the five-year statute of limitations began to run.  Consequently, Angela's actions filed on February 15, 1994, are time barred.

Accordingly, we will affirm the trial court's judgments.

<u>Affirmed</u>.