**Kelly PAYNE, personal representative of the Estate of Eduardo Calzada, Plaintiff,**

v.

**Mark BRAKE, et al., Defendants.**

**Civil Action Nos. 3:02CV00072, 3:02CV00075, 3:02CV00078.**

United States District Court, W.D. Virginia, Charlottesville Division.

Sept. 23, 2004.

Deborah Chasen Wyatt, Wyatt & Associates, Neal L. Walters, Scott & Kroner, P.C., Charlottesville, VA, for Plaintiff.

Cheryl V. Higgins, St. John Bowling & Lawrence LLP., Elizabeth M. Ayyildiz, Morin & Barkley, Charlottesville, VA, Mark D. Obenshain, Keeler Obenshain, P.C., Harrisonburg, VA, Linwood Theodore Wells, Jr., Richmond, VA, Helen Eckert Phillips, Attorney at Law, Stanardsville, VA, Roger Conant Wiley, Jr., Hefty & Wiley, P.C., Richmond, VA, for Defendants.

## MEMORANDUM OPINION

MOON, District Judge.

This matter comes before the Court on Defendants' Motions to Dismiss. For the reasons stated below, Defendants' Motions to Dismiss are hereby GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

On October 23, 2000, Plaintiff Kelly Payne, personal representative of the estate of Eduardo Calzada, timely filed an action in Circuit Court for the City of Charlottesville ("circuit court") against Defendants for wrongful death and other claims ("First Action"), arising out of events that occurred on October 24, 1998. On October 22, 2001, Plaintiff filed a Notice of Voluntary Nonsuit of the October 2000 action. However, because Plaintiff did not file a hearing for entry of the nonsuit order, the circuit court never entered a nonsuit order. Plaintiff then filed a second action in circuit court on April 19, 2002 ("Second Action"). Plaintiff filed the Second Action within six months of filing the Notice of Voluntary Nonsuit for the First Action. The Second Action subsequently was removed to this Court.

Defendants then moved the circuit court to dismiss the First Action with prejudice because Plaintiff had failed to timely serve process and also objected to Plaintiff's requested nonsuit of the First Action. Plaintiff then filed a notice in circuit court, stating her intention to tender the proposed order of nonsuit in the First Action. The circuit court, after hearing oral arguments, granted Plaintiff's request for a nonsuit and also determined that the nonsuit should be entered *nunc pro tunc* to October 22, 2001, the date Plaintiff originally submitted the proposed Notice of Voluntary Nonsuit to the court. On appeal, the Virginia Supreme Court ruled that the Plaintiff was entitled to a nonsuit of the First Action, but that the nonsuit order should not have been entered *nunc pro tunc* to October 22, 2001. *Brake v. Payne*, 268 Va. 92, 101, 597 S.E.2d 59 (2004). In accordance with this decision, the circuit court entered an order nonsuiting the First Action on July 1, 2004.

Defendants then filed motions to dismiss the Second Action with this Court, arguing that the Plaintiff failed to file her case within the applicable statute of limitations and also arguing to dismiss on various other grounds. Defendants argue that this action, filed on April 19, 2002, is not timely because it was filed after the expiration of the applicable two year statute of limitations, which began running on October 24, 1998, the date of the alleged wrongful conduct. Further, Defendants argue that Plaintiff cannot take advantage of the tolling provisions of Virginia Code § 8.01–229(E)(3), because the circuit court had not entered a nonsuit order in the First Action at the time Plaintiff filed the Second Action. Accordingly, Defendants argue that Plaintiff's action should be dismissed with prejudice.

Plaintiff argues that the statute of limitations for the Second Action was tolled by Virginia Code § 8.01–229(E)(3) and therefore this action should not be dismissed on statute of limitations grounds. Alternatively, Plaintiff also argues that if the case is dismissed, it should be dismissed *without* prejudice, because Plaintiff still could timely refile the lawsuit within six months of the July 1, 2004 nonsuit order, according to § 8.01–229(E)(3).

## II. DISCUSSION

### a. Statute of Limitations

The applicable statute of limitations for Plaintiff's 42 U.S.C. § 1983 claim is imported from state law, and is two years in this case. *See Wilson v. Garcia,* 471 U.S. 261, 266–69, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Nasim v. Warden, Md. House of Correction,* 64 F.3d 951, 955 (4th Cir.1995) (en banc); Va.Code Ann. § 8.01–243 (Michie 2000). The applicable statute of limitations also is two years for Plaintiff's state law claims. Va.Code Ann. §§ 8.01–244, 8.01–243(A) (Michie 2000). Plaintiff's cause of action accrued on October 24, 1998, the date of the alleged wrongdoing. The First Action, filed on October 23, 2000, was brought within the statute of limitations. The Second Action, filed on April 19, 2002, clearly would fall outside the statute of limitations unless the tolling provisions of Virginia Code § 8.01–229 apply.

Virginia Code § 8.01–229(E)(3) is the applicable tolling section when a plaintiff suffers a voluntary nonsuit. Virginia Code § 8.01–229(E)(3) states that if a plaintiff suffers a voluntary nonsuit, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action. The plaintiff then may recommence the action within six months from the date of the nonsuit order entered by the court. Va.Code Ann. § 8.01–229(E)(3) (Michie 2000).

In this case, if the circuit court had entered the nonsuit order on October 22, 2001 when Plaintiff first filed for a nonsuit, then Plaintiff could take advantage of the tolling provisions of Virginia Code § 8.01–229(E)(3). If so, the Second Action would be within the statute of limitations because it would have been filed within six months of the nonsuit order. However, the nonsuit order was not entered until July 1, 2004, several months *after* the Second Action was filed. In *Brake v. Payne,* 268 Va. 92, 101, 597 S.E.2d 59 (2004), the Virginia Supreme Court ruled that the nonsuit order should not be entered *nunc pro tunc* to October 22, 2001. Because the Second Action was filed *before* instead of *after* the nonsuit order, Plaintiff cannot take advantage of the tolling provisions of Virginia Code § 8.01–229(E)(3). Plaintiff's action therefore must be dismissed on statute of limitations grounds because it was filed more than two years after October 24, 1998, the date Plaintiff's cause of action accrued.

Plaintiff argues that the First Action and the Second Action should be treated

as a single claim because they arose out of a single factual occurrence, and that the filing of the First Action should toll the statute of limitations for both actions until the July 1, 2004 nonsuit order. Therefore, Plaintiff argues that the Court should treat the Second Action as timely filed and should not dismiss it on statute of limitations grounds. The Court cannot agree with Plaintiff's argument. The two actions are separate claims and should be treated as such. This Court must conduct an independent statute of limitations analysis for each claim. Virginia Code § 8.01–229(E)(3) clearly states that a plaintiff has six months to refile *after* the Court has entered a nonsuit order. Since no nonsuit order was entered at the time the Second Action was filed, Plaintiff cannot take advantage of the tolling provisions of § 8.01–229(E)(3) and therefore this action was not timely filed.

**b. Dismissal Without Prejudice**

Defendants argue that the Court *must* dismiss Plaintiff's action with prejudice according to Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) states that any dismissal other than a dismissal for lack of jurisdiction, improper venue, or for failure to join a party under Rule 19 operates as an adjudication upon the merits. Fed.R.Civ.P. 41(b). *See also Shoup v. Bell & Howell Co.,* 872 F.2d 1178, 1180 (4th Cir.1989) ("The plain language of [Rule 41(b) ] indicates that the dismissal of plaintiffs' ... action on statute of limitations grounds is an adjudication on the merits.").

■ However, Rule 41(b) states: *"Unless the court in its order for dismissal otherwise specifies,* a dismissal under this subdivision and any dismissal not provided for in this rule ... operates as an adjudication upon the merits." Fed.R.Civ.P. 41(b) (emphasis added). In *Shoup,* the Fourth Circuit recognized that a court is not mandated to dismiss a plaintiff's claim

with prejudice under Rule 41(b) and can instead specify that the claim will be dismissed without prejudice. *See Shoup v. Bell & Howell Co.,* 872 F.2d 1178, 1180 (4th Cir.1989) ("The federal court ... did not otherwise specify the dismissal to be 'without prejudice,' ..."). *See also Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 497, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001) ("Neither is claim-preclusive effect demanded by Rule 41(b)—which provides that, unless the court 'otherwise specifies,' an involuntary dismissal ... 'operates as an adjudication upon the merits.' ") Thus, if the Court finds good reason to do so, it can choose to dismiss a claim without prejudice under Rule 41(b).

■ The Court finds good reason to dismiss Plaintiff's claim without prejudice in this case. According to Virginia Code § 8.01–229(E)(3), a plaintiff has six months from the filing of a voluntary nonsuit order to recommence the nonsuited action. Plaintiff's First Action was nonsuited on July 1, 2004. Even if this case is dismissed, Plaintiff has six months from July 1, 2004—until December 31, 2004—to timely recommence an action in state court. If this Court were to dismiss Plaintiff's Second Action *with* prejudice, it would deny Plaintiff an otherwise viable claim. Thus, because Plaintiff still can timely refile an action in state court, the Court will dismiss Plaintiff's claim *without* prejudice.

**c. Additional Grounds for Dismissal**

Defendants assert additional grounds for dismissal, including that Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff has failed to state facts to support her claims against Defendants, Plaintiff's claims are barred by the doctrine of sovereign immunity, and Plaintiff's claims are barred by the doctrine of qualified immunity. Because the Court is

dismissing this action on statute of limitations grounds, there is no need to reach these additional grounds for dismissal.

Based on the above, Defendants' Motions to Dismiss shall be GRANTED and this case is DISMISSED WITHOUT PREJUDICE.