BENTON, J.,
dissenting.
The Commonwealth prosecuted Laura L. Foster for the misdemeanor of uttering a check in the amount of $140.88, with the intent to defraud in violation of Code § 18.2-181. In pertinent part, the statute reads as follows:
Any person who, with intent to defraud, shall make or draw or utter or deliver any check ... for the payment of money, upon any bank, ... knowing, at the time of such making, drawing, uttering or delivering, that the maker or drawer has not sufficient funds in, or credit with, such bank, for the payment of such check, ... although no express representation is made in reference thereto, shall be guilty *583 of larceny; and, if this check, draft, or order has a represented value of $200 or more, such person shall be guilty of a Class 6 felony. In cases in which such value is less than $200, the person shall be guilty of a Class 1 misdemeanor.
The Commonwealth instituted this prosecution more than one year after the event occurred. Except as provided in the following statute, however, the legislature has put a one-year limitation on the prosecution for misdemeanors:
A prosecution for a misdemeanor, or any pecuniary fine, forfeiture, penalty or amercement, shall be commenced within one year next after there was cause therefor, except that a prosecution for petit larceny may be commenced within five years, and for an attempt to produce abortion, within two years after commission of the offense.
Code § 19.2-8. Although this statute expressly bars “prosecution for a misdemeanor” after one year, and Code § 18.2-181 expressly denotes the offense as a “Class 1 misdemeanor,” the Commonwealth contends that the exception contained within the statute of limitation applies. I disagree.
“[A] statute of limitations reflects a legislative judgment that, after a certain time, no quantum of evidence is sufficient to convict.” Stogner v. California, 539 U.S. 607, 615-16, 123 S.Ct. 2446, 2452, 156 L.Ed.2d 544 (2003). To give effect to this legislative judgment, “courts are obligated to enforce statutes of limitation strictly and to construe any exception thereto narrowly.” Westminster Invest. Corp. v. Lamps Unltd., 237 Va. 543, 547, 379 S.E.2d 316, 318 (1989). Accord Arrington v. Peoples Security Life Ins., 250 Va. 52, 55, 458 S.E.2d 289, 290 (1995).
No language within the text of Code § 18.2-181 denotes the offense to be petit larceny. No other statute denotes the offense to be petit larceny. Indeed, the term “petit larceny” is a creature of statute and is defined as follows:
§ 18.2-96. Petit larceny defined; how punished. — Any person who:
1. Commits larceny from the person of another of money or other thing of value of less than $5, or
*584 2. Commits simple larceny not from the person of another of goods and chattels of the value of less than $200, except as provided in subdivision (iii) of § 18.2-95, shall be deemed guilty of petit larceny, which shall be punishable as a Class 1 misdemeanor.
This statute distinguishes between “larceny,” see subpart 1. and “simple larceny,” see subpart 2. The rule has long been established in Virginia that “[s]imple larceny ... is: ‘the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.’ ” Vaughan v. Lytton, 126 Va. 671, 679, 101 S.E. 865, 867 (1920). Simply put, Code § 18.2-181 does not create an offense that falls within the definition of “simple larceny” because it is neither a taking “without ... assent,” id., nor a taking involving “complete and absolute possession of the stolen property,” Jones v. Commonwealth, 3 Va.App. 295, 301, 349 S.E.2d 414, 418 (1986).
Significantly, the Supreme Court has unambiguously held that “[t]he elements of the statutory [bad check] offense are materially different from those of common law larceny.” Payne v. Commonwealth, 222 Va. 485, 488, 281 S.E.2d 873, 874 (1981). Unlike simple larceny, which requires a showing that the accused obtained possession of the property, “[t]o prove a bad-check offense, ‘[i]t need not be shown ... that anything was received in return for the check,’ for ‘the offense is complete when, with the requisite intent, a person utters a check he knows to be worthless.’ ” Id. (citation omitted). Similarly, we have held in Snead v. Commonwealth, 11 Va.App. 643, 647, 400 S.E.2d 806, 808 (1991), that “bad check charges ... brought under Code § 18.2-181 ... [are] not violations of [Code] § 18.2-95[, which defines grand larceny,] or [Code] § 18.2-96[, which defines petit larceny].” Although it could have, the legislature did not write Code § 18.2-181 so as to designate the bad check offense involving a value less than $200 to be “petit larceny.” By express terms, the legislature designated a violation of Code § 18.2-181 to be a “Class 1 misdemeanor.”
*585 Code § 19.2-8, therefore, bars this prosecution, which was not commenced within one year after there was a cause giving rise to the violation, because a violation of Code § 18.2-181 does not constitute either simple larceny or petit larceny, but does constitute “a misdemeanor” offense.
The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity. For these reasons and others, ... “criminal limitations statutes are ‘to be liberally interpreted in favor of repose.’ ”
Toussie v. United States, 397 U.S. 112, 114-15, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970) (citations omitted).
“If[, as in this case,] the language of a statute is plain and unambiguous, and its meaning perfectly clear and definite, effect must be given to it regardless of what courts think of its wisdom or policy.” Temple v. City of Petersburg, 182 Va. 418, 423, 29 S.E.2d 357, 358 (1944). We may not extend the meaning of the statute “simply because it may seem to us that a similar policy applies, or upon the speculation that, if the legislature had thought of it very likely broader words would have been used.” McBoyle v. United States, 283 U.S. 25, 27, 51 S.Ct. 340, 341, 75 L.Ed. 816 (1931). Therefore, I dissent.