# CIRCUIT COURT OF FAIRFAX COUNTY

Laura Zahuranec

    v.

Bruce Levine,
Administrator
of the Estate of
Robert Lee Bowers,
deceased, et al.

May 13, 2011

Case No. CL-2010-411

By Judge Jonathan C. Thacher

This case came before the Court on April 15, 2011, upon Substituted Defendant Bruce Levine's Plea in Bar. Upon consideration of the pleadings, arguments of counsel, and the applicable governing authorities, the Court sustains the Plea in Bar.

*Background*

This case is substantially complicated by its complex procedural history and the procedural history of a companion case, *Laura Zahuranec v. Robert Lee Bowers et al.*, Case No. CL-2007-12862. Because the chronology of these matters is critical in deciding the instant Plea in Bar, it is set forth in detail below.

On October 23, 2005, a traffic accident occurred involving two vehicles. Defendant Robert Bowers was driving one vehicle, and Plaintiff Laura Zahuranec was a passenger in the other vehicle. One day before the statute of limitations was set to run regarding this accident, *i.e.* on October 22, 2007, Zahuranec filed suit in this Court against Bowers and Audrey Moore, the owner of the vehicle Bowers was driving. This suit, styled *Laura*

*Zahuranec v. Robert Lee Bowers et al.*, Case No. CL-2007-12862 ("Case 2007"), asserted that Bowers negligently struck the vehicle Zahuranec was riding in and that Moore negligently entrusted her vehicle to Bowers.

On November 16, 2008, while Case 2007 was still pending in this Court, Bowers passed away.

Following the death of Bowers, Case 2007 continued on this Court's docket without any activity until July 9, 2009, when Zahuranec nonsuited Moore. This nonsuit left Bowers as the only defendant in Case 2007.

On January 11, 2010, Zahuranec recommenced her suit against Moore in the case currently before the Court, *Zahuranec v. Robert Lee Bowers et al.*, Case No. CL-2010-411 ("Case 2010"). Importantly, Zahuranec refiled the same Complaint used in Case 2007. Thus, the Complaint in Case 2010 lists "Robert Bowers" as a Defendant and it asserts precisely the same allegations and requests for relief as Case 2007.

On February 24, 2011, Bowers' personal representative, Bruce Levine, was substituted as the named defendant for Bowers in Case 2007. The same day, Case 2007 was nonsuited with respect to Levine (and, by extension, Bowers). This nonsuit order ended Case 2007.

On March 17, 2011, Zahuranec filed a "Dismissal Order" in Case 2010 dismissing Moore. Crucially, Bowers was not mentioned in this Dismissal Order. The Dismissal Order states in pertinent part:

> Adjudged, ordered, and decreed that this case against Audrey
> M. Moore be, and the same hereby is, dismissed with prejudice.
> This order is final.

On March 18, 2011, Levine moved the Court to substitute himself the party defendant for Bowers in Case 2010. Zahuranec did not appear or contest this motion, and the Court promptly entered an order substituting Levine as the party defendant.

On March 22, 2011, Levine filed the instant Plea in Bar, contending that the personal injury action asserted against Bowers in Case 2010 is barred by the statute of limitations. Levine claims that the cause of action asserted against Bowers in Case 2010 accrued on October 25, 2005. Zahuranec, however, filed her complaint in January 2010, well beyond the applicable two-year statute of limitations period for personal injury actions.

The Court held a hearing on Levine's Plea in Bar on April 15, 2011. Despite receiving proper notice of this hearing, counsel for Zahuranec, Mr. Turbitt, failed to file a timely response brief. Accordingly, the Court was unaware of Mr. Turbitt's arguments before the hearing. Notwithstanding, Mr. Turbitt argued at the hearing that this Court lacked jurisdiction to grant the Plea in Bar because Case 2010 did not exist as to Bowers. According to Mr. Turbitt, because Case 2010 was filed when Bowers had been dead for more than a year, it was a nullity as to Bowers.

Given the procedural complexity of this case and Mr. Turbitt's failure to brief the Court before the hearing, the Court took Levine's motion under advisement. The Court further granted Mr. Turbitt leave to file a supplemental brief. The Court received Mr. Turbitt's supplemental brief on April 22, 2011. After reading this brief and performing further research on the issues raised therein, the Court is prepared to rule.

*Analysis*

It is undisputable that the applicable statute of limitations is two years for Zahuranec's personal injury claims against Bowers. *See* Va. Code § 8.01-243 (2011). Furthermore, it is uncontested that Zahuranec's cause of action against Bowers accrued on October 23, 2005, the date of the alleged accident. Therefore, Case 2010, filed on January 11, 2010, unquestionably falls outside the statute of limitations period with respect to Bowers. Accordingly, absent some tolling provision or other legal principle, the Plea in Bar should be granted.

Zahuranec does not argue that any tolling provisions apply to Case 2010. Furthermore, a review of the applicable code sections confirms that no tolling provisions apply to this case.

At first glance, the Court assumed that the pendency of Case 2007 tolled the statute of limitations for Case 2010 because both asserted the same cause of action. However, it is well-settled that, in the absence of an express statutory provision, the mere pendency of a suit will not toll the statute of limitations for another suit on the same cause of action. *See Jones v. Morris Plan Bank of Portsmouth*, 170 Va. 88, 90, 195 S.E. 525, 526 (1938); *Parrish v. Hicks*, 29 Va. Cir. 370, 371-72 (1992). Furthermore, the only code provision that operates to toll the statute of limitations during the pendency of a preceding suit is Va. Code § 8.01-229(E), which is not applicable on the facts of this case.

To elaborate, Va. Code § 8.01-229(E)(3) states that, if a plaintiff suffers a voluntary nonsuit, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action; the plaintiff then may recommence the action within six months from the date of the nonsuit order, or within the original period of limitation, whichever is longer. Notably, § 8.01-229(E)(3) tolls the statute of limitations during a pending suit only after the Court has entered a nonsuit order. *See Payne v. Brake*, 337 F. Supp. 2d 800, 802-03 (W.D. Va. 2004). Here, Case 2007 was nonsuited as to Bowers on February 24, 2011. Case 2010, however, was instituted before February 24, 2011. Since a nonsuit order had not been entered regarding Bowers in Case 2007 at the time Case 2010 was filed, Zahuranec cannot take advantage of this tolling provision. In other words, because Case 2010 was instituted before Case 2007 was nonsuited as to

Bowers, the statute of limitations was not tolled for the action asserted against Bowers in Case 2010. *See id.*

Zahuranec does, however, make several arguments as to why the Plea in Bar should be denied.

First, Zahuranec argues that Case 2010 was only filed as to Moore, not Bowers, and thus it does not allege a cause of action as to Bowers that can be dismissed. Essentially, Zahuranec suggests that the Court should find there is no cause of action asserted against Bowers in Case 2010 because that was her subjective intent when she filed.

The Court finds this argument unpersuasive. The complaint for Case 2010 alleges that Bowers negligently caused the car accident and requests relief from Bowers for this alleged negligence. The Court is not at liberty to ignore the plain language of the Complaint. If Zahuranec did not intend to assert a cause of action against Bowers in Case 2010, she should have omitted her request for relief against him.

Zahuranec contends that such a conclusion is unduly harsh because Virginia precedent has held that, to properly recommence a nonsuited case, the new complaint must be identical in all respect to the prior complaint. Thus, according to Zahuranec, the accusations regarding Bowers in Case 2010 were merely included because the law required these allegations. Therefore, the Court should not conclude that an action was *actually* being asserted as to Bowers.

Zahuranec's contention is without merit. To recommence a nonsuited action under Virginia law, a plaintiff need only advance the same claim or action previously dismissed. *See Allen v. Loudoun County Sanitation Auth.*, 81 Va. Cir. 496 (2009); *Dunston v. Huang*, 709 F. Supp. 2d 414, 420 (E.D. Va. 2010). The test is not whether a previously nonsuited action was recommended with the identical complaint. *See id.* Thus, suing all the same defendants is not necessary to recommence a suit as to one.

Accordingly, to recommence her cause of action against Moore in Case 2010, Virginia law only required Zahuranec to allege the claims against Moore. Zahuranec, however, opted to also include the claims against Bowers and request relief against Bowers. Therefore, the Court finds that Case 2010 alleges a cause of action as to Bowers, a cause of action, moreover, subject to this Plea in Bar.

Zahuranec next argues that Virginia Supreme Court Rule 1:1 precludes the Court from deciding this Plea in Bar. Virginia Supreme Court Rule 1:1 is a jurisdictional limitation on the trial courts. It provides that "all final judgments, orders, and decrees" remain under jurisdiction of the trial court for twenty-one days after entry. *Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). Thus, pursuant to Rule 1:1, a trial court loses jurisdiction over a case twenty-one days after the entry of a final order. Va. Sup. Ct. R. 1:1 (2011); *see Super Fresh Food Mkts. of Va. v. Ruffin*, 263 Va. 555, 561-62, 564 S.E.2d 734, 738 (2002) (a trial court loses jurisdiction to enter

orders in a case twenty-one days after entry of a final order). According to Zahuranec, Case 2010 was a nullity as to Bowers when filed because he was deceased, and thus, Case 2010 only asserted a cause of action against Moore. Therefore, when the Court entered the Dismissal Order as to Moore in Case 2010 on March 17, 2011, this was a final order. Accordingly, because twenty-one days has passed since this Order, the Court lacks jurisdiction under Rule 1:1 to entertain this Plea in Bar.

This argument may have had merit twenty years ago; however, the filing of an action against a known dead person is no longer a nullity under Virginia law. *See Estate of James v. Peyton*, 277 Va. 443, 450-51, 674 S.E.2d 864, 867 (2009). To elaborate, prior to July 1, 1991, an action "filed against a deceased party was a nullity." *Parker v. Warren*, 273 Va. 20, 24, 639 S.E.2d 179, 181 (2007) (citing *Rennolds v. Williams*, 147 Va. 196, 198-200, 136 S.E. 597, 597-98 (1927)). Crucially for present purposes, however, "an amendment of Va. Code § 8.01-229 in 1991 adding subsection (B)(2)(b) altered this long-standing rule `by providing that [an action] filed against a defendant who was deceased when the action was filed could be amended to substitute the decedent's personal representative'." *Peyton*, 277 Va. at 451, 674 S.E.2d at 867 (citations omitted). Virginia Code § 8.01-229(B)(2)(b) specifically provides:

> If a person against whom a personal action may be brought dies before suit papers naming such person as defendant have been filed with the court, then such suit papers may be amended to substitute the decedent's personal representative as party defendant before the expiration of the applicable limitation period or within two years after the date such suit papers were filed with the court, whichever occurs later, and such suit papers shall be taken as properly filed.

Virginia Code § 8.01-229(B)(2)(b) squarely applies to the facts of this case; Case 2010 names Bowers as a defendant, and he was deceased before this case commenced. Therefore, pursuant to Va. Code § 8.01-229(B)(2)(b), Case 2010 was not a nullity as to Bowers when filed because this Court had jurisdiction to substitute Bowers' personal representative as party defendant for two years after the date the Complaint was filed, *i.e.* up until January 11, 2012. Furthermore, when the Dismissal Order was entered in Case 2010 on March 17, 2011, Levine had already filed a motion requesting the Court to substitute himself as the party defendant for Bowers. Zahuranec argues that Levine had no authority or standing to move the Court to substitute himself as the party defendant in Case 2010. The Court finds no merit to this argument. The motion made by Levine and the ensuing order were appropriate under Va. Code § 8.01-229(B)(2)(b) and Virginia Supreme Court Rule 3:17. Moreover, Levine adhered to this Court's rules in filing

his motion, and Zahuranec had adequate notice of the hearing. Accordingly, the March 17, 2011, Dismissal Order was *not* a final order in Case 2010 because this Court possessed jurisdiction over the claims against Bowers and there was a timely pending motion to substitute Levine as the party defendant. Therefore, the Court is not without jurisdiction to decide this Plea in Bar.

In sum, it is undisputed that Zahuranec filed Case 2010 outside the statute of limitations period with respect to Bowers, and no tolling provision or other legal principle saves the untimely suit. Thus, the Court must sustain this Plea in Bar.

The Court is aware that granting the instant Plea in Bar could preclude Zahuranec from recommencing Case 2007 against Bowers. *See* Va. Sup. Ct. R. 1:6 ("A party whose claim for relief arising from identified conduct, a transaction, or an occurrence is decided on the merits by a final judgment shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction, or occurrence. . . ."). Although this result is harsh, this Court is not free to ignore the applicable legal principles. *Rivera v. Witt*, 257 Va. 280, 283, 512 S.E.2d 558, 560 (1999). To not bar this suit would be contrary to the established principle that statutes of limitations are to be strictly enforced. *Arrington v. Peoples Sec. Life Ins. Co.*, 250 Va. 52, 55, 458 S.E.2d 289, 290-91 (1995).

For the reasons set forth above, the Plea in Bar is sustained.