Present:  All the Justices

JOHN CASEY, INDIVIDUALLY AND
AS ADMINISTRATOR OF THE ESTATE
OF ORA CASEY, ET AL.
                                        OPINION BY
v.      Record No. 111438        JUSTICE S. BERNARD GOODWYN
                                        March 2, 2012
MERCK & CO., INC.

UPON QUESTIONS OF LAW CERTIFIED BY THE
UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Pursuant to Article VI, Section 1 of the Constitution of

Virginia and our Rule 5:40, we accepted the following certified

questions from the United States Court of Appeals for the

Second Circuit:

(1)  Does Virginia law permit equitable tolling of a
state statute of limitations due to the pendency of a
putative class action in another jurisdiction?

(2)  Does Va. Code Ann. § 8.01-229(E)(1) permit
tolling of a state statute of limitations due to the
pendency of a putative class action in another
jurisdiction?

Background

On September 15, 2005, a putative class action, Wolfe v.

Merck & Co., was filed in the United States District Court for

the Middle District of Tennessee.  The putative class included

"[a]ll persons who consume or have consumed FOSAMAX, whether

intravenously or by mouth."  The representative plaintiffs in

the class action asserted claims of strict liability,

negligence and medical monitoring against Merck & Co., Inc.

(Merck).

The Wolfe putative class action was transferred to the United States District Court for the Southern District of New York by the Judicial Panel on Multidistrict Litigation, which consolidated certain Fosamax cases. The Southern District of New York denied class certification and dismissed the Wolfe class action on January 28, 2008.

Prior to the dismissal of the Wolfe putative class action, four plaintiffs, all residents of Virginia, filed individual state law based actions against Merck in the Southern District of New York, asserting federal diversity jurisdiction. All four plaintiffs allegedly suffered from osteonecrosis of the jaw as a result of taking Fosamax. The district court noted that "[i]t is undisputed that all four plaintiffs filed suit more than two years after the latest possible date that they sustained their respective alleged injuries," and that Virginia law applied to the claims.

Merck moved for summary judgment, alleging that the four plaintiffs' actions were untimely under Virginia's two-year statute of limitations for personal injuries. In response, the plaintiffs claimed that the Wolfe putative class action, which was filed within the two-year limitation period, tolled the running of the Virginia statute of limitations on their individual actions because they would have been members of the proposed class had certification been granted. The district

2

court granted Merck's motion, finding that the pendency of the Wolfe putative class action did not toll Virginia's limitations period for the four plaintiffs' state law claims.

The plaintiffs appealed to the United States Court of Appeals for the Second Circuit. The Second Circuit determined that Virginia law governed whether the Wolfe putative class action tolled the running of the statute of limitations on the plaintiffs' individual claims, and asked this Court to determine whether Virginia law permits equitable or statutory tolling of a Virginia statute of limitations due to the pendency of a putative class action in another jurisdiction.

### Facts

The relevant facts, as set forth in the certification order, are not in dispute. Merck manufactures Fosamax, a prescription drug that falls within a class of drugs known as bisphosphonates, which are used to treat bone conditions such as osteoporosis. Fosamax, a nitrogenous bisphosphonate, has allegedly been linked to osteonecrosis – bone death – of the jaw.

The four plaintiffs were prescribed and consumed Fosamax. Rebecca Quarles was diagnosed with osteonecrosis of the jaw and failure of dental implants in 2003 and sued Merck in 2007. Dorothy Deloriea was prescribed and took Fosamax in 1999, developed osteomyelitis and osteonecrosis of the jaw in 2004,

3

and filed her complaint against Merck in 2008. Ora Casey began taking Fosamax in 2000 and was diagnosed with osteonecrosis of the jaw in 2004. She died in 2007 and her estate initiated this action in 2008. Roberta Brodin was prescribed and took Fosamax in 2001 and was diagnosed with osteonecrosis of the jaw in 2005. She initiated her action in 2007.

The plaintiffs' complaints against Merck assert exclusively Virginia state law claims: strict liability, failure to warn, breach of express and implied warranty, and negligence in the design, testing, development, manufacture, labeling, marketing, distribution and sale of Fosamax. As a result, it is agreed that Virginia law governs the question of whether the filing of the putative class tolled the running of the statute of limitations on their claims.

Analysis

The two certified questions of law relate to Virginia's statute of limitations for personal injury actions.[*] "[T]he applicability of the statute of limitations is a purely legal question of statutory construction." Conger v. Barrett, 280 Va. 627, 630, 702 S.E.2d 117, 118 (2010).

---

[*] Code § 8.01-243(A) provides: "every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues."

4

The plaintiffs contend that Virginia law permits equitable tolling of a Virginia statute of limitations based upon the filing of a cross-jurisdictional putative class action. Plaintiffs also argue that the pendency of a putative class action in another jurisdiction statutorily tolls Virginia's statute of limitations under Code § 8.01-229(E)(1). Merck responds that Virginia law does not permit equitable tolling of a statute of limitations, and that Code § 8.01-229(E)(1) does not provide for tolling due to the pendency of a putative class action in another jurisdiction.

## Certified Question (1)

It is well-established that "statutes of limitations are strictly enforced and must be applied unless the General Assembly has clearly created an exception to their application." Rivera v. Witt, 257 Va. 280, 283, 512 S.E.2d 558, 559 (1999). A statute of limitations may not be tolled, "or an exception applied, in the absence of a clear statutory enactment to such effect." Arrington v. Peoples Sec. Life Ins. Co., 250 Va. 52, 55-56, 458 S.E.2d 289, 291 (1995). "[A]ny doubt must be resolved in favor of the enforcement of the statute." Id. at 55, 458 S.E.2d at 290-91.

Given these principles, there is no authority in Virginia jurisprudence for the equitable tolling of a statute of limitations based upon the pendency of a putative class action

5

in another jurisdiction.  Certified Question (1) is answered in the negative.

Certified Question (2)

Code § 8.01-229(E)(1) provides that "if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period." The plaintiffs contend that Code § 8.01-229(E)(1) statutorily tolled the statute of limitations for plaintiffs' claims during the pendency of the putative class action.  The plaintiffs assert that this Court's decision in Welding, Inc. v. Bland Cnty. Serv. Auth., 261 Va. 218, 541 S.E.2d 909 (2001), indicates that Virginia should recognize cross-jurisdictional putative class action tolling.

In Welding, the plaintiff originally filed a breach of contract action in the United States District Court for the Southern District of West Virginia, but that court found it lacked jurisdiction because of a forum selection clause in the contract between the parties.  Id. at 222, 541 S.E.2d at 911. Subsequently, the same plaintiff filed suit in Virginia state court on the same cause of action.  Id.  This Court stated "[t]here is no language in Code § 8.01-229(E)(1) which limits

6

or restricts its application to a specific type of action or precludes its applicability to actions filed in a federal court."  Id. at 224, 541 S.E.2d at 912.  This Court also noted that "[t]he term 'action' refers to civil litigation in both the state and federal courts."  Id.  Therefore, Code § 8.01-229(E)(1) tolled the running of the statute of limitations on the plaintiff's action and its suit in Virginia was timely filed.  Id. at 226, 541 S.E.2d at 913.

It is clear that under Virginia law, an action filed in a foreign jurisdiction may trigger tolling under Code § 8.01-229(E)(1).  See id. at 224, 541 S.E.2d at 912.  There is no particular type of action that must be filed and no particular jurisdiction in which that action must be brought for the commencement of an action to trigger tolling under Code § 8.01-229(E)(1).  However, for tolling to be permitted, the subsequently filed action must be filed by the same party in interest on the same cause of action in the same right.  See McDaniel v. North Carolina Pulp Co., 198 Va. 612, 619, 95 S.E.2d 201, 206 (1956), overruled on other grounds by Harmon v. Sadjadi, 273 Va. 184, 192-93, 639 S.E.2d 294, 299 (2007) (permitting tolling where "the real party in interest remained the same; the suit was instituted in the same right; and the cause of action was the same").

Welding differs from the instant case because it concerns a situation where the same plaintiff initially sued in federal court on the same cause of action he subsequently pursued in state court. The plaintiff in both actions was clearly the same. Whereas, in the instant matter, it is undisputed that the four plaintiffs were not named plaintiffs in the putative class action that they claim triggered the tolling. They were merely members of a putative class that included every single American who took Fosamax, whether he or she sought a refund, medical monitoring or an award for personal injury.

For the filing of an action to toll the statute of limitations from running on a subsequently filed action pursuant to Code § 8.01-229(E)(1), there must be identity of the parties in the two lawsuits. In other words, for the statute of limitations to be tolled for a subsequent action, the party who brought the original action must be the same as the plaintiff in the subsequent action or a recognized representative of that plaintiff asserting the same cause and right of action. See McDaniel, 198 Va. at 619, 95 S.E.2d at 206. We must rely upon Virginia law to determine if this identity of parties and rights exists.

"An individual or entity does not acquire standing to sue in a representative capacity by asserting the rights of another, unless authorized by statute to do so." W.S. Carnes,

8

Inc. v. Board of Supervisors, 252 Va. 377, 383, 478 S.E.2d 295, 300 (1996). "Our jurisprudence is clear that when a party without standing brings a legal action, the action so instituted is, in effect, a legal nullity," and thus cannot toll the statute of limitations. Harmon, 273 Va. at 193, 639 S.E.2d at 299; see also Harbour Gate Owners' Ass'n v. Berg, 232 Va. 98, 107, 348 S.E.2d 252, 258 (1986) (holding original motion for judgment filed by plaintiff who lacked standing "did nothing to toll the running of the statute of limitations" as to the second suit brought by subsequent plaintiffs with standing); Braddock, L.C. v. Board of Supervisors, 268 Va. 420, 426, 601 S.E.2d 552, 555 (2004) (action brought by party lacking standing was a "nullity" that could not be resurrected by adding parties with standing). In essence, to toll the statute of limitations, the plaintiff in the first suit must have legal standing to assert the rights that are at issue in the second lawsuit.

A putative class action is a representative action in which a representative plaintiff attempts to represent the interests of not only named plaintiffs, but also those of unnamed class members. See American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 550 (1974). Virginia jurisprudence does not recognize class actions. Under Virginia law, a class representative who files a putative class action is not

9

recognized as having standing to sue in a representative capacity on behalf of the unnamed members of the putative class.  Thus, under Virginia law, there is no identity of parties between the named plaintiff in a putative class action and the named plaintiff in a subsequent action filed by a putative class member individually.  See Fowler v. Winchester Med. Ctr., Inc., 266 Va. 131, 136, 580 S.E.2d 816, 818 (2003) (noting plaintiff could not be "substantially the same party" as the plaintiff in the first suit because she was not qualified as a personal representative anywhere); Brake v. Payne, 268 Va. 92, 95, 597 S.E.2d 59, 60 (2004) (holding a plaintiff without standing and a proper plaintiff are not suing in the same right).  Consequently, a putative class action cannot toll the running of the statutory period for unnamed putative class members who are not recognized under Virginia law as plaintiffs or represented plaintiffs in the original action.  See Harmon, 273 Va. at 198, 639 S.E.2d at 302.

We hold that Code § 8.01-229(E)(1) does not toll the statute of limitations for unnamed putative class members due to the pendency of a putative class action in another jurisdiction.  Certified question (2) is answered in the negative.

### Conclusion

For these reasons, this Court holds that Virginia recognizes neither equitable nor statutory tolling due to the pendency of a putative class action in another jurisdiction.

<u>Certified questions answered in the negative.</u>